IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND
Northern Division

| | |
|---|---|
| **PHILIP JAY DAVIS,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 1:25-cv-02011-GLR** |
| **SAFETY HOLDINGS, INC.,** | |
| **Defendant.** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Philip Jay Davis ("Plaintiff") filed the instant case on June 24, 2025, which alleges various violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (2023) against Defendant Safety Holdings, Inc. ("Defendant"). (ECF Nos. 1, 20). Presently pending before the Court is non-party Lyft, Inc.'s ("Lyft") motion to quash (the "Motion") a deposition subpoena and a corresponding subpoena duces tecum (together, the "Subpoenas"). (ECF No. 41). In response, Plaintiff filed a motion to compel fashioned as a response in opposition to the Motion.[1] (ECF No. 43). The Motion is fully briefed (ECF Nos. 41, 43, 45), and no hearing is necessary. *See* Loc. R.

---

[1] In its Response in Opposition, Plaintiff indicates he "also seeks to strike Defendant's objections to those Requests and an Order requiring that all documents be produced unredacted, accompanied by a business records affidavit." (ECF No. 43 at 8). The exact paragraph in which that quote appears is as follows:

> Plaintiff moves to compel a response [from Lyft] to Plaintiff's Requests for Production, particularly Requests 5-8, including documents reflecting Lyft's Eligibility Criteria, as indicated at ECF No 30 in the Maryland Case. Plaintiff also seeks to strike Defendant's objections to those Requests and an Order requiring that all documents be produced unredacted, accompanied by a business records affidavit. Plaintiff also opposes Lyft's Motion to Quash and seeks entry of an order compelling a corporate representative familiar with all five topics identified in Plaintiff's subpoena ad testificandum, at deposition.

(ECF No. 43 at 8). Review of the relevant context suggests to the Court that the reference to Defendant should be instead be third party Lyft.

1

105.6 (D. Md. 2025). For the reasons set forth immediately below, the Motion to Quash is GRANTED, and Plaintiff's motion to compel is DENIED.

## I.    BACKGROUND

Relevant to the instant Motion, Plaintiff began working with Lyft in March 2021 (ECF No. 20 at 3).[2] During that time, "Lyft contracted with Defendant to conduct background checks on its prospective and existing employees." *Id.* Plaintiff alleges that even though he did not authorize the disclosure of any medical information by Defendant to Lyft, Defendant "published inaccurate information about Plaintiff" in a consumer report about Plaintiff. *Id.* Plaintiff asserts that Defendant inaccurately reported a physical or mental disability Plaintiff does not have. *Id.* Thereafter, Lyft allegedly deactivated Plaintiff's account "and indicated that his background check was the reason" for his termination on February 9, 2025. *Id.* at 4.

On January 25, 2026,[3] Plaintiff served a Subpoena to Testify at Deposition ("Deposition Subpoena") to Lyft, which commanded the attendance of a Lyft representative by Zoom or in person at 50 California Street #1500, San Francisco, California 94111. *See* (Deposition Subpoena, ECF No. 41-1 at 5). That same day, Plaintiff also served a Subpoena to Produce Documents (the "Subpoena Duces Tecum"), which included requests for eight categories of documents. *See* (Subpoena Duces Tecum, ECF No. 41-4 at 12). On February 5, 2026, Lyft served objections and responses to the Subpoena Duces Tecum. (Lyft Declaration, ECF No. 41-1 at 1). Lyft's response included 297 pages of document production. *Id.* at 2. Lyft's written objections asserted that the

---

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

[3] Plaintiff served the Subpoenas twenty-nine (29) days before the discovery deadline, which was originally February 23, 2026. *See* (ECF No. 35). On February 18, 2026, Plaintiff filed a motion to extend the discovery deadline (ECF No. 35), which Judge Russell granted on February 19, 2026 (ECF No. 36). On February 23, 2026, Defendant had completed all discovery and did "not intend to request further discovery and [had] no outstanding discovery motions or objections to Plaintiff's responses." (ECF No. 38). Plaintiff sought to continue discovery with respect to Lyft. *Id.*

Deposition Subpoena was "unduly burdensome for Lyft as a non-party, as it called for information that is unnecessary and irrelevant to the facts at issue in the case, and to the extent any information was relevant, it could more easily be obtained from a party to the case, and/or from a document produced by Lyft in response Plaintiff's Subpoena Duces Tecum." (ECF No. 41 at 4). Lyft further stated that a start time of 9:00 a.m. Eastern Time, translating to 6:00 a.m. Pacific time "was in itself unreasonable." *Id.* In light of the objections and nature of information requested, "Counsel for Lyft expressed willingness to provide some additional documents and information, and requested that Plaintiff's counsel allow her to confer with her client regarding what additional documents were available." *Id.* at 4-5. That meet and confer was ultimately unsuccessful, despite Lyft's offer to produce more documents. *See id.* at 5.

On February 13, 2026, Counsel for Plaintiff alerted Judge Russell to the pending discovery dispute concerning Lyft's objections to its Subpoena Duces Tecum. On February 16, 2026, Lyft filed the instant Motion in the U.S. District Court for the Northern District of California. (ECF No. 41). On February 18, 2026, the parties alerted Judge Russell of the pending Motion and their intent to have the Motion litigated in Maryland rather than in California. (ECF No. 33). On February 19, 2026, Judge Russell then referred the case to the undersigned "[s]pecifically for the [r]esolution of" the Motion. (ECF No. 37). Thereafter, on February 27, 2026, Judge Hixson transferred the Motion from California to Maryland, along with the Motion and Plaintiff's response in opposition. (ECF No. 40, 41, 43). On March 3, 2026, Judge Russell referred the case to the undersigned in light of the transferred Motion. (ECF No. 44). On March 12, 2026, Lyft filed its reply brief.

## II.   STANDARD OF REVIEW

When a non-party objects to a Rule 45 subpoena, it may "file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A), seek a protective order pursuant to Fed. R. Civ. P. 26(c), or . . . object to production of documents by opposing a motion to compel under Fed.

3

R. Civ. P. 45(c)(2)(B)." *United States v. Star Scientific, Inc.,* 205 F. Supp. 2d 482, 484 (D. Md. 2002) (citations omitted). Consistent with Rule 26, Rule 45 subpoenas may be used to discover "any nonprivileged matter that is relevant to any party's claim or defense." *Boykin Anchor Co. Inc. v. Wong*, No. 5:10-CV-591-FL, 2012 WL 27328, at *2 (E.D.N.C. Jan. 4, 2012) (quoting Fed. R. Civ. P. 26(b)(1)).  A subpoena must be quashed or modified when it (1) does not allow a reasonable time to respond; (2) requires a nonparty to travel more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person; (3) requires disclosure of privileged matters; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). A subpoena may be quashed or modified in certain other limited circumstances, including where the subpoena requires the disclosure of confidential commercial information or the opinions of unretained experts. Fed. R. Civ. P. 45 (c)(3)(B).

"[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Phillips v. Ottey*, No. DKC 14-0980, 2016 WL 6582647, at *2 (D. Md. Nov. 7, 2016) (quoting *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240–41 (E.D. Va. 2012)) (internal quotations omitted). Rule 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III.    ANALYSIS

Lyft urges that the Deposition Subpoena must be quashed because it imposes an undue burden on a non-party that is not proportional to the needs of the case.  (ECF No. 41 at 6). Plaintiff counters with a motion to compel Lyft to provide the requested discovery and argues it is relevant

and proportional to the sole issue of causation.  (ECF No. 43).  Plaintiff seeks to depose Lyft on

the following matters:

> 1.    Your evaluation of any consumer report, consumer information, background reports, driving records, concerning Plaintiff during the Relevant Time Period, including your knowledge of any and all documents you reviewed and/or evaluated.

> 2.    The basis of your determination that Plaintiff is or was no longer eligible to drive with Lyft platform, or any deactivation or suspension of Plaintiff's work privileges.

> 3.    The impact of Defendant's (Safety Holdings Inc.) consumer report on your determination that Plaintiff is not or was no longer eligible to work/drive with the Lyft platform.

> 4.    Lyft's policies, procedures, and processes concerning Lyft's criteria for evaluating consumer report, consumer information, background reports, [and] driving records[] for drivers using the Lyft platform.

> 5.    The contents of any communications during the Relevant Time Period between you and Safety Holdings, Inc. concerning Plaintiff, including the contents of any consumer report, consumer information, background reports, [and] driving records[] about Plaintiff

> 6.    Any documents produced in response to this subpoena.

(ECF No. 41-1 at 9-10).  The Subpoena Duces Tecum requests additional document production:

> 1.    A copy of any consumer report, consumer information background reports, driving records, or any other information concerning Plaintiff you received from [Defendant].

> 2.    A copy of Lyft's request/inquiry and search criteria provided to [Defendant] to secure any consumer report, consumer information, background reports, driving records, or any other information concerning Plaintiff during the Relevant Time Period.

> 3.    A copy of any driver's license within Lyft's custody, possession, or control concerning Plaintiff provided during either the application process or at any time during the Relevant Time Period.

> 4.    A copy of any document establish the driver's license number Plaintiff provided to Lyft during either the application process or at any time during the Relevant Time Period.

5.      A copy of any employment denial, adverse action notice, or other communication concerning Plaintiff's employment status from Lyft to Plaintiff during the Relevant Time Period.

6.      All documents evidencing any changes to Plaintiff's driving status within the Lyft platform during the Relevant Time Period.

7.      All documents evidencing Lyft's policies, procedures, and processes concerning Lyft's criteria for evaluating consumer reports, consumer information, background reports, driving records, for drivers using the Lyft platform—for purposes of those seeking employment/engagement by Lyft.

8.      All documents communications, and records relating to the specific reasons for any adverse actions taken against Plaintiff in or about February 2025, or at any other point in 202, including but not limited to internal notes, correspondence, reports, and decision documents that identify each factor, criterion, or information that contributed to , influenced, or resulted in the decision to deactivate, sanction, suspend, or deny Plaintiff's ability to drive on the Lyft platform. This includes but is not limited to documentation evidencing what on Plaintiff's Safety Holdings Inc., consumer report could have and/or did cause the adverse action(s) that Plaintiff sustained.

(ECF No. 41-1 at 19-20). In response to Lyft's Motion, Plaintiff contends each request is (1) relevant and proportional to the needs of the case, and (2) Lyft's objections should not be considered because they are boilerplate and because Plaintiff's counsel made a transcription error regarding Request No. 8 above.[4] (ECF No. 43 at 5).

A.      **The Court Declines to Compel Lyft to Comply with the Subpoenas on the Basis of Waiver**

To begin, The Court is most concerned with the substance of the requests, objections, and whether they are properly discoverable.  As such, the Court declines to find that Lyft's objections have been waived due to the transcription error.  Similarly, the Court declines to compel Lyft to provide discovery of this magnitude on the basis that its objections were boilerplate or because

---

[4] When drafting its objection, Lyft represents it mistakenly transcribed language from a similar previous request that cited an incorrect timeframe.  (ECF No. 45). The incorrect timeframe transcription did not alter the substantive basis of the objection.

Lyft did not assert a specific privilege. *See D.J.'s Diamond Imports LLC v. Brown*, No. WMN–11–2027, 2013 WL 1345082, at *6 (D. Md. Apr. 1, 2013) (considering yet rejecting on the merits an objection to an interrogatory which stated, "Objection. This Interrogatory is irrelevant and will not lead to the discovery of admissible evidence on the remaining, limited claim in this action."). After review, the Court is satisfied that the objections here, each of which were responsive to each request and raise differing bases with corresponding reasoning, cannot be considered so boilerplate such that they were waived.[5]  *Id*.  Therefore, Plaintiff's motion to compel is DENIED on the issue of waiver.

**B.       The Subpoenas Must be Quashed Because they Impose an Undue Burden on Lyft.**

Turning to whether the Subpoenas must be quashed, "[n]onparties faced with civil discovery requests deserve special solicitude." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 194 (4th Cir. 2019). As Lyft points out, "[a] more demanding variant of the proportionality analysis . . . applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Id.* at 189.  Indeed,

---

[5] For example, the contested objections include those like:

> Lyft objects to providing testimony as to Topic No. 1 on the basis that information relating to its driver eligibility policies is available online, making a deposition on this topic unduly burdensome and unnecessary. Lyft further objects that, to the extent information relevant to Topic No. 1 is not publicly available, it is confidential and proprietary business information. Lyft further objects to providing testimony as to Topic No. 1 because sufficient information relevant to Topic No. 1 can be obtained from documents in the possession, custody or control of a party to the case, or from documents produced by Lyft in response to Plaintiff's subpoena duces tecum.

(ECF No. 41-1 at 23).

> …Lyft further objects to Request No. 8 as unreasonable and unduly burdensome on the basis that it calls for information which is not relevant to the claims and defenses at issue in the case. Plaintiff's Amended Complaint is premised on the assertion that Lyft's deactivation of Plaintiff was a direct result of the report provided by Safety Holdings, Inc. Therefore, additional documentation of the basis for Lyft's decision is irrelevant and unnecessary. Subject to and without waiving the foregoing objections, Lyft will produce documents in its file relating to Plaintiff responsive to Request No. 8.

(ECF No. 43 at 5).

"[b]ystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id.* In *Jordan*, the Fourth Circuit pointed to an instructive example that contemplated how "a party's email provider might well possess emails that would be discoverable from the party herself." *Id.* Even still, the Fourth Circuit recognized that "unless the email provider can offer important information that cannot be obtained from the party directly, there would be no cause for a subpoena against the provider." *Id.* As such, courts give a nonparty status "special weight," which creates a "demanding and sensitive" inquiry compared to typical Rule 26 inquiries between parties. *Id.* (citing *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)).

After review of the topics to be the subject of the deposition and Subpoena Duces Tecum, much of the requested information does not meet this demanding standard, as documentation concerning Plaintiff's own application to work for Lyft, Plaintiff's own driver's license, and Lyft's inquiries to Defendant should all be documents in either Plaintiff's or Defendant's possession. It is unclear how Plaintiff would not have documents or personal knowledge of the circumstances of his own termination. Moreover, Lyft's "evaluation" of documents it has already produced is unnecessarily duplicative considering they have already produced nearly 300 pages of document production, and the Court trusts its representation that the documents provided are responsive to the general spirit of the requests. (ECF No. 41, 45). Review of Lyft's response to the Subpoena Duces Tecum shows notwithstanding its objections, Lyft "produce[d] documents in its file relating to Plaintiff" responsive to each request, including those most probative of whether the report caused Plaintiff's termination. (ECF No. 45-2 at 6-7). Thus, to the extent that Lyft has in its possession any documents relating to Plaintiff, they have produced such documents.[6] As such,

---

[6] In its correspondence related to the pending Motion to Quash, Lyft specified it has produced the following:

subjecting Lyft to the burdens of a deposition and further document production when they are willing to cooperate with locating documents that may be probative of Plaintiff's case against Defendant and have already produced many documents imposes an undue burden compared to the represented probative value, that is, causation.   As Lyft points out, the documents speak for themselves, and Plaintiff offers no compelling reasoning to the contrary. (ECF No. 41, 45).

Plaintiff's opposition brief is not responsive on several of these issues, though Platiniff does seek an order compelling Lyft to comply with Request Nos. 5-8 of the Subpoena Duces Tecum above because they are "crucial to causation."  However, Plaintiff has failed to explain how the already-produced documents like its driver status updates and copies of Plaintiff's communications with Lyft Support fail to support causation, how Request Nos. 5-8 meet the governing "demanding variant of the proportionality analysis," or why Lyft's public hiring and employee retention policies are not sufficiently probative of causation. *Jordan*, 921 F.3d at 189. In the Court's view, paperwork Plaintiff has received, his personal knowledge of his experience at Lyft, Lyft's public employment policy information, and the documentation Lyft has already produced and has offered to produce are sufficiently probative on the issue of whether Defendant's consumer report caused Plaintiff's termination.   Specifically, Lyft has produced "records of Plaintiff's communications with Lyft Support, Lyft's Terms of Service, driver status updates Lyft

---

Along with the written objections and responses, on February 5, Lyft produced documents responsive to the subpoena, including records of Plaintiff's communications with Lyft Support, Lyft's Terms of Service, driver status updates Lyft provided to Plaintiff, copies of Plaintiff's drivers license, and copies of the "Driver Record Checks" SambaSafety provided to Lyft. Lyft redacted information from the Support team communications to the extent it reflected Lyft's internal notations reflecting its system for communicating with drivers, as well as the names of the individual Support agents who interacted with Plaintiff. None of this information is relevant to Plaintiff's claims. The only other redactions to Lyft's production were redactions of Plaintiff's personal identifying information. Lyft respectfully submits that if the Court has any concerns regarding the appropriateness of these redactions, Lyft will provide unredacted copies of the documents for in camera review.

(ECF No. 33 at 2).

provided to Plaintiff, copies of Plaintiff's drivers license, and copies of the "Driver Record Checks" [Defendant] provided to Lyft." (ECF No. 33).  To require a nonparty to engage in requests of the requested depth and magnitude, when Plaintiff asserts that the only contested element necessitating this production is causation, fails to satisfy the demanding standard under Rule 45. *Jordan*, 921 F.3d at 189.    Therefore, Lyft's Motion is GRANTED and Plaintiff's motion to compel is DENIED.

## IV.    CONCLUSION

For the foregoing reasons, it is this 13th day of March 2026 ORDERED:

    (1) Lyft's Motion to Quash (ECF No. 41) is GRANTED; and

    (2) Plaintiff's motion to compel is DENIED.

Date: <u>March 13, 2026</u>                    <u>       /s/       </u>

                                           J. Mark Coulson
                                         United States Magistrate Judge